# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0433, <u>State of New Hampshire v. Jessica Finch</u>, the court on August 19, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Jessica Finch, appeals her conviction, following a jury trial in Superior Court (<u>Delker</u>, J.), on charges of simple assault on a law enforcement officer, <u>see</u> RSA 632:2-a (2016); RSA 651:6, I(g) (Supp. 2019), resisting arrest, <u>see</u> RSA 642:2 (2016), and disorderly conduct, <u>see</u> RSA 644:2 (2016). She argues that the trial court erred by overruling her objection to a statement made by the prosecutor during closing argument which, she asserts, amounted to an impermissible argument of a fact not introduced into evidence.

The conduct giving rise to the charges in this case occurred during the early morning hours of August 5, 2018, when the defendant observed her companion being placed under arrest in the parking lot of a bar. The defendant began yelling and screaming profanities at the police. After an officer informed the defendant that she was under arrest for disorderly conduct, she stated that she was not under arrest, refused to place her hands behind her back, and when that officer and a second officer grabbed each of her wrists and attempted to place her in handcuffs, she refused to cooperate, freed her wrist from the first officer's grasp, and struck the first officer with her free hand. At that point, the second officer brought the defendant to the ground where he placed her in handcuffs, and in the process, the defendant's face struck the ground causing injuries, including fractures to several bones. At trial, several bystanders who had witnessed the incident corroborated aspects of the officers' testimony concerning the arrest, including their testimony that the defendant struck the first officer.

The defendant testified. She did not dispute that she was yelling and screaming obscenities at the officers when they were in the process of arresting her companion. Nor did she dispute that she struck the first officer during the course of her arrest, but she claimed that the strike was unintentional. With respect to her facial injuries, the defendant offered testimony from two physicians concerning the injuries, and testified that, as of May 16, 2019, the date of her testimony, she was still receiving treatment for the injuries. No witness other than the defendant, however, testified that she was receiving ongoing medical treatment for her injuries.

The defendant argued that, due to the severity of her injuries, the officers had exaggerated their descriptions of her behavior so as to justify their use of force.

Prior to the defendant's cross-examination, the prosecutor approached the bench, explained that the medical records the defendant had produced did not include records from after November 2018, and stated that she intended to cross-examine the defendant as to this fact. The defendant's counsel objected, explaining that she "had a lot of difficulties getting medical records [from the defendant], mainly . . . because [the defendant] has memory issues, she would forget appointments, and she would forget . . . to sign releases," and arguing that the issue "goes to attorney-client privilege" and "has nothing to do with" the defendant, but "has to do with" defense counsel. The trial court overruled the objection, and the defendant testified, on cross-examination, as follows:

> Q Okay. And you spoke a little bit about – on direct about how you're still continuing treatment for injuries that you received?
> A Yes.
> . . .
> Q I don't have any of those records [concerning the defendant's ongoing medical treatment], though, right?
> . . .
> A I am not sure what kind of records you have.
> . . .
> Q I only have records that end in November. I don't have anything after November, right?
> A I'm not sure what records you have.
> Q Did you sign releases to allow your attorney to receive those records after November?
> A I signed releases, yes. I don't know from dates or whatnot. I'm not sure. I – I don't –
> Q So you know you signed –
> A But I'm not sure what records you would have and what you don't have.
> Q So you know you signed releases to let –
> A I know I signed releases for you to have my medical records. Yes.
> . . .
> Q Did those releases include any records that you may have had after November 2018?
> A I'm not sure. I really – I really couldn't tell you. I am not sure. I do not know the answer.

During the State's closing argument, the prosecutor addressed the defendant's alleged ongoing medical treatment as follows:

> And you heard testimony that she has continued to receive treatment for her injuries. And to be clear, the Defendant has no burden to prove anything in this case. And the State does not have to prove anything about her injuries. But the State does not have records of this continued care from after November of 2018.
> [Defense counsel]: Objection.
> THE COURT: Overruled.
> [Prosecutor]: Thank you.
> And you didn't hear from any of those doctors who have continued to care for her today –
> [Defense counsel]: Objection.
> [Prosecutor]: – on the stand.
> THE COURT: Overruled.

At no point during or immediately after the State's closing argument did the defendant articulate any specific reason for why this portion of the State's argument was objectionable. At the beginning of the following day, however, the defendant's counsel asked "to put a couple of things on the record" regarding her objections to the cross-examination and to the State's closing argument. Specifically, the defendant's counsel argued that the State's inquiry on cross-examination "burden-shifts to the Defense to sort of provide evidence and to provide documentation to the State." The defendant's counsel then argued that the line of questioning "prey[ed] . . . on the ignorance of the jury [as to] public defenders, that we don't just have one client, that we don't have unlimited resources, that we don't . . . have the ability to continuously request records, continuously track clients down to get signatures, to get records." Finally, the defendant's counsel argued that the line of questioning made her a witness because she had "an obligation to provide things to the State, not [her] client," and because her "client ha[d] no way of knowing when [she] did or what [she] did or how much [she] did." The trial court declined to change its ruling.

On appeal, the defendant challenges only the assertion during the State's closing argument that "the State does not have records of [the defendant's] continued [medical] care from after November of 2018." According to the defendant, the trial court erred by overruling her objection to this statement because, she argues, the State never elicited testimony establishing that the prosecutor did not possess medical records from after November 2018. Thus, the defendant argues that the prosecutor improperly argued a fact not in evidence, unfairly undermining her defense "that the police fabricated or exaggerated her conduct" and inviting "the jury to draw an incriminating inference both about [her] credibility and about the true extent of her injuries" based upon the prosecutor's unsworn testimony. The State counters that the trial court did not err by overruling the objection because the jury could reasonably have inferred from the evidence that the prosecutor did not, in fact,

3

have the defendant's medical records from after November 2018.  In the alternative, the State argues that any error was harmless.  We assume, without deciding, that the defendant's argument is preserved for our review.  But see State v. Cote, 143 N.H. 368, 374 (1999) (preservation of objection to closing argument requires specific objection to be raised at the time of improper statement or within a reasonable time thereafter).

We need not decide whether the trial court erred because we agree with the State that, even if the prosecutor's statement was improper, any error in overruling the objection to the statement was harmless.  "To establish that an error was harmless, the State must prove beyond a reasonable doubt that the error did not affect the verdict."  State v. Edic, 169 N.H. 580, 588 (2017) (quotation omitted).  In this case, the extent of the defendant's injuries was, ultimately, a collateral issue, and the undisputed medical evidence established that she suffered multiple facial fractures, injuries the jury reasonably could have found were not insignificant.  Moreover, the evidence of the defendant's guilt was overwhelming, and the defendant does not challenge the prosecutor's follow-up argument that no medical provider testified to the provision of ongoing medical care.  Cf. id. (noting that error in evidentiary ruling may be harmless if evidence of guilt was overwhelming and improperly admitted or excluded evidence was cumulative or inconsequential).  Finally, the objectionable statement was isolated, and was cured by the trial court's instruction that "what the lawyers say is not evidence."  See State v. Cooper, 168 N.H. 161, 169-70 (2015) (observing that objectionable statement during closing argument did not affect the outcome of the proceeding in part because it was made only once and was cured by trial court's instructions).  Under the circumstances, we conclude that any error of the trial court in overruling the objection to the prosecutor's statement that the State did not possess the defendant's medical records from after November 2018 did not affect the verdict.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4